**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CORNELIUS HENRY, KARIS MUNROE-COOPER, and GARTH COOPER, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 1:11-CV-0949-RWS |
| v. | : : | |
| AURORA LOAN SERVICES LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and MCCURDY & CANDLER, LLC, | : : : : : : | |
| Defendants. | : : | |

**ORDER**

This case comes before the Court on Plaintiffs' Emergency Motion for Injunction to Set Aside Unlawful Foreclosure Sale [2], Defendants'[1] Motion to Dismiss [3], and Plaintiffs' Motion for Summary Judgment [9]. After considering the record, the Court enters the following Order.

---

[1] The Motion to Dismiss [3] was originally filed by Defendants Aurora Loan Services LLC and Mortgage Electronic Registration Systems, Inc., but was subsequently also adopted by Defendant McCurdy & Candler. (Dkt. [6]).

For the reasons discussed below, this action is barred by the doctrine of *res judicata*. Plaintiffs Henry and Munroe-Cooper filed a previous action in this Court seeking to set aside the same foreclosure proceeding that is the subject of the present action. See Henry v. Guaranteed Rates, Inc., 1:10-CV-812-TWT (N.D. Ga. 2010). That action was dismissed because "[t]he Plaintiffs . . . failed to state a plausible claim for relief on any grounds." Id. (Dkt. [29] at 2). The dismissal was appealed, and on February 28, 2011, the United States Court of Appeals for the Eleventh Circuit issued a *per curiam* affirmance of the dismissal. Henry v. Guaranteed Rates, Inc., 2011 WL 679332, *1 (11th Cir. 2011) ("Even when read liberally, the remainder of Munroe-Cooper's amended complaint is incomprehensible and fails to state a claim for relief.")

"[T]rue *res judicata*," or claim preclusion, "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" Empire Fire & Marine Ins. Co. v. J. Transp., Inc., 880 F.2d 1291, 1295 (11th Cir. 1989). Under the rules of claim preclusion, "the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial." Id. "A final judgment on the merits of an action precludes the parties *or their privies* from relitigating issues that were or could have been raised in [the

prior] action." <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981) (emphasis added and citation omitted). This action seeks to set aside the same foreclosure proceeding that was challenged in the prior action in this Court, and is therefore barred by *res judicata*.

Plaintiffs' Emergency Motion for Injunction to Set Aside Unlawful Foreclosure Sale [2] is **DENIED**, Defendants' Motion to Dismiss [3] is **GRANTED**, and Plaintiffs' Motion for Summary Judgment [9] is **DENIED**. Further, Plaintiffs and/or their assigns are **DIRECTED** to seek leave of the Court before filing any further actions. The Clerk is **DIRECTED** to bar any filing by Plaintiffs and/or their assigns related to the subject matter of the present action that has not first been expressly approved by this Court.

**SO ORDERED**, this   2nd   day of May, 2011.

*/s/ Richard W. Story*

**RICHARD W. STORY**
United States District Judge

3